# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8211 | **DATE** | 7/21/2004 |
| **CASE TITLE** | William A. Murray vs. Cook County Treasurer, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motions to Dismiss [Doc No. 17]; [Doc. No. 33]

## DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached memorandum opinion and order, Defendants' Motions to Dismiss [Doc. No. 17]; [Doc. No. 33] are GRANTED in their entirety. All other motions are moot and terminated. This case is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 2 2 2004 date docketed | |
| | Notified counsel by telephone. | | 51 |
| X | Docketing to mail notices. | docketing deputy initials | |
| X | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| slf(lc) | courtroom deputy's initials | 2004 JUL 21 PM 3:52 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM A. MURRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 03 C 8211 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| COOK COUNTY TREASURER, COOK | ) |
| COUNTY TREASURER AS TRUSTEE OF | ) |
| THE INDEMNITY FUND, STATE'S | ) |
| ATTORNEY FOR COOK COUNTY, | ) |
| CLERK OF COOK COUNTY, | ) |
| GERALDINE DOUGLAS, JAMES MARK | ) |
| SULZER, SULZER, SULZER & SHOPIRO, | ) |
| LTD., SAMUEL L. YOUNG, SR., AND | ) |
| EMILE YOUNG, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before this court are two motions to dismiss William A. Murray's ("Plaintiff" or "Murray") Complaint. The first motion to dismiss was filed on behalf of Geraldine Douglas, Samuel L. Young, Jr., James Mark Sulzer and Sulzer & Shopiro, LTD. (collectively known as "Private Citizen Defendants"). The second motion to dismiss was filed on behalf of Maria Pappas (Cook County Treasurer) and Richard Devine (Cook County State's Attorney), and was subsequently adopted by David Orr (the Clerk of Cook County) (collectively known as "County Defendants"). For the reasons set forth below, both motions to dismiss are GRANTED in their entirety.

## I. Factual Background

On November 9, 1991, Samuel L. Young, Sr., died. (Am. Compl. ¶ 1). Mr. Young had a last will and testament that devised his home at 8725 South Michigan Avenue, Chicago, Illinois, to a daughter, Geraldine Douglas, and to the two sons of Audrey Murray (Samuel L. Young, Sr.'s deceased daughter), Andre Murray and William Murray, the Plaintiff. Id. Samuel L. Young, Jr., the decedent's son, was nominated as executor of his father's last will and testament. (Am. Compl. ¶ 2). On November 17, 1991, Plaintiff Murray met with Geraldine Douglas and her husband to discuss the house her father left. (Am. Compl. ¶ 3). The Plaintiff and Geraldine Douglas entered into an agreement in which Geraldine Douglas would quitclaim her third of her father's house to Andre Murray and the Plaintiff, thereby increasing their share of the home from one third to one half. Id.

On or about November 17, 1991, Plaintiff received his copy of the quitclaim deed from James Mark Sulzer, an attorney from the law firm of Sulzer & Shopiro Ltd. (Am. Compl. ¶ 4). James Mark Sulzer, who represented Geraldine Douglas, drafted the quitclaim deed. Id. Upon examining the quitclaim deed, Plaintiff noticed that he was mistakenly referred to as "William A. Murray III", when Plaintiff refers to himself as "William A. Murray IV." (Am. Compl. ¶ 6). Plaintiff immediately phoned James Mark Sulzer, and informed him of the misnomer, as Plaintiff believed that this mistake would result in a cloud on the home's title. Id. James Mark Sulzer told the Plaintiff that he was the attorney of Geraldine Douglas, not the Plaintiff, and refused to make the correction Plaintiff requested. Id.

Because of the misnomer on the quitclaim deed, subsequent events have occurred that resulted in Plaintiff's suits in Illinois state courts, and consequently, his present suit before this

Court. In 1991, the taxes on the property in question were not paid, and subsequently became delinquent and were sold at auction by the Clerk of Cook County to Midwest Real Estate Investment Company ("Midwest"). (Am. Compl. ¶ 7). Additionally, the 1994 property taxes were not paid and were sold at auction in 1995 by the Clerk of Cook County to National Indemnity Corp. (Am. Compl. ¶ 8). On September 5, 1995, Plaintiff, through a sales/leaseback/buyback agreement, made a timely redemption. (Am. Compl. ¶ 9). On or about October 5, 1995, the tax buyer filed a petition to set aside the redemption. (Am. Compl. ¶ 10). These proceedings were held in Circuit Court of Cook County, before the Honorable James F. Henry. Id. Judge Henry determined that William A. Murray IV, the Plaintiff before this Court, was not the real party in interest, because the quitclaim deed referred to "William A. Murray III." Id.[1] Murray contends that the tax buyer, Midwest, held an ex parte evidentiary hearing before Judge Henry, where the tax buyer falsely swore that the taxes for the years subsequent to 1991 were all paid by the tax buyer, when Plaintiff alleges that the records of the Clerk of Cook County show that the 1994 property taxes had not been paid by the tax buyer and were delinquent, and subsequently, sold at auction to National Indemnity Corp. (Am. Compl. ¶ 11). Nonetheless, on or about January 29, 1997, Judge Henry issued an order directing the Clerk of Cook County to execute and deliver a tax deed to Midwest Real Estate Investment Company and Affiliates, the tax buyer, for the property located at 8725 South Michigan Avenue. (Am. Compl. ¶ 12).[2] On or about February 4, 1997, the Clerk of Cook County executed the aforementioned

---

[1] Plaintiff Murray contends that James Henry made this ruling "ex parte."

[2] Plaintiff Murray also alleges that the order for the execution of the tax deed was issued ex parte, as attorneys for Midwest did not serve Plaintiff Murray with a copy of the order issued by Judge Henry, claiming that he was not a party in interest, due to the alleged

tax deed and recorded it with the Recorder of Deeds of Cook County, Illinois. (Am. Compl. ¶ 13). Meanwhile, as the year 1997 progressed, Plaintiff Murray wondered why he had not received any court documentation or notices from Midwest. (Am. Compl. ¶ 17). In the Spring of 1997, while examining records from the Circuit Court of Cook County, Plaintiff discovered that Judge Henry issued an order for the execution of the tax deed in January of 1997. Because Plaintiff did not learn about the order for the tax deed until more than thirty days after its issuance, a post-trial motion to vacate the order for the tax deed was untimely, pursuant to Illinois Supreme Court rules. (Am. Compl.¶ 18). However, Murray felt that the order for the tax deed was voidable and issued due to fraud, theft and deception. Id. Plaintiff contends that at subsequent hearings before Judge Henry, the Judge and Midwest continued to engage in ex parte communications. Id. Additionally, Plaintiff alleges that Judge Henry violated Plaintiff Murray's rights by refusing to grant his motion for substitution of judge. (Am. Compl. ¶ 19).

Additionally, Plaintiff contends, from 1995 through 2002, a number of other state judges conspired with Midwest's attorneys to deprive Plaintiff of his equal protection rights under the Fourteenth Amendment of the United States Constitution, thereby causing injury to Plaintiff by wrongfully taking his house in a tax deed, and obstructing justice by failing to grant his petition to set aside the judgment ordering the tax deed for the property located at 8725 South Michigan be delivered to Midwest. (Am. Compl. ¶¶ 20-21, 23). Notably, these Circuit Court of Cook

---

misnomer on the tax deed, although Plaintiff filed a pro se appearance in the original tax deed proceeding. (Am. Compl. ¶¶ 14-17).

County judges failed to issue rulings that were favorable to the Plaintiff on his indemnity petition. Id.[3]

Finally, Plaintiff contends that Geraldine Douglas, Emile Young, Samuel L. Young, Jr., James Mark Sulzer and the law firm of Sulzer & Shopiro, Ltd. all were aware of the foregoing actions that Plaintiff tried to bring forth in Circuit Court of Cook County, yet failed to intervene to assist the Plaintiff. (Am. Compl. ¶ 22). As a result, the Plaintiff brings suit against these named private defendants ( in addition to the allegations he brings forth against the County Defendants), and claims that the Defendants violated his constitutional rights, pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1985(c) and 1986.

## II. Analysis

Both the Private Citizen Defendants and the County Defendants have moved to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). A complaint will not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court "must accept all well pleaded facts as true. In addition, the court must view these allegations in the light most favorable to the plaintiff." Gomez v. Illinois Board of Education, 811 F.2d 1030, 1039 (7th Cir. 1987). Additionally, because Murray is pro se, the court must view his complaint more liberally than a complaint prepared by an attorney. Whitford v. Boglino, 63 F.3d 527, 535 (7th Cir. 1995). Nonetheless,

---

[3] Maria Pappas, Cook County Treasurer, was the named respondent on Plaintiff's petition.

the complaint must still allege facts that provide an adequate basis for the plaintiff's claims. Gray v. Dane County, 854 F.2d 179, 182 (7th Cir. 1988)

Additionally, the County Defendants have moved to dismiss Murray's Complaint pursuant to Fed. R. Civ. P. 12(b)(1), contending that this Court lacks subject matter jurisdiction over Murray's Complaint. The County Defendants contend that Murray is asking this Court to review the proceedings of the Circuit Court of Cook County, and pursuant to the Rooker-Feldman doctrine, this Court's review of a state court judgment would be improper. Because the County Defendants have challenged subject matter jurisdiction, the Court must address that challenge before it can address the Parties' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). As with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), when evaluating a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the court must accept as true all well pleaded facts and make all reasonable inferences in favor of the plaintiff. Long v. Shorebank Development Corp., 182 F.3d 548, 554 (7th Cir. 1999) (citing Rueth v. United States EPA, 13 F.3d 227, 229 (7th Cir. 1993)).

### A. *The Rooker-Feldman Doctrine*

The County Defendants challenge jurisdiction pursuant to the Rooker-Feldman doctrine. The Rooker-Feldman doctrine is based upon two Supreme Court decisions of the same name: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia v. Court of Appeals v. Feldman, 460 U.S. 413 (1983). The Rooker-Feldman doctrine precludes lower federal courts jurisdiction over claims seeking review of state court judgments, "because, no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." Remer v. Burlington

Area Sch. Dist., 205 F.3d 990, 996 (7th Cir. 2000). Consequently, if a litigant's claim is barred by the Rooker-Feldman doctrine, a federal court will lack subject matter jurisdiction over the case.

In order to determine whether the Rooker-Feldman doctrine is applicable to a particular case, the court must determine whether the injury alleged by the plaintiff in federal court "resulted from the state court judgment itself or is distinct from that judgment." Centres v. Town of Brookfield, 148 F.3d 699, 702 (7th Cir. 1998) (citing Garry, 82 F.3d at 1365). If the injury is a result of the state court judgment itself, then the federal court lacks subject matter jurisdiction, even if the state court judgment was erroneous. Id. ("A decision by a state court, no matter how erroneous, is not itself a violation of the Constitution actionable in federal court." Centres, 148 F.3d at 702 (citing Homola v. McNamara, 59 F.3d 647, 650 (7th Cir. 1995)).

The Rooker-Feldman doctrine "extends beyond issues actually raised in state court to issues that are inextricably intertwined with such issues." Long, 182 F.3d at 557. Consequently, if a Plaintiff fails to raise his claim in state court, he "may forfeit his right to obtain review of the state court decision in any federal court." Id. (quoting Feldman, 460 U.S. at 482, n.16). In defining "inextricably intertwined," the Seventh Circuit has noted that the "crucial point is whether 'the district court is in essence being called upon to review the state court decision.'" Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993) (quoting Feldman, 460 U.S. at 483-84, n.16). Thus, courts must draw a distinction between a plaintiff presenting a federal claim alleging an injury caused by a state court judgment (which invokes the Rooker-Feldman doctrine) and those federal claims that allege a prior injury that a state court failed to remedy (which may raise res judicata, but not Rooker-Feldman, concerns). Garry, 82 F.3d at 1366-67. Further, an issue cannot be inextricably intertwined with a state court judgment if the plaintiff did not have a reasonable opportunity to raise that issue at the

state court level. Long, 182 F.3d at 558 (quoting Wood v. Orange County, 715 F.2d 1543, 1547 (11th Cir. 1983)).

### B. Is the Rooker-Feldman Doctrine Applicable to Plaintiff's Claims?

The County Defendants contend that the Rooker-Feldman doctrine is applicable to Plaintiff's claims, because he is attempting to have this Court review Judge Henry's Order directing the issuance of a tax deed. Viewing all allegations in the Complaint in the light most favorable to Murray, it is clear that he wants this Court to review, and subsequently overturn, the decisions of Judge Henry and the other Circuit Court of Cook County judges who upheld Judge Henry's decisions, based upon his dissatisfaction with those rulings. Plaintiff presents no injury independent of the rulings issued by the Circuit Court of Cook County. It is not the role of this Court to engage in appellate review of state court decisions. As previously stated, only the Supreme Court of the United States is able to engage in appellate review of state court decisions.

Plaintiff contends that in fact, he is not challenging the ruling of the state court, but instead, is raising separate federal questions within this Court, but this self-serving declaration is not dispositive. However, the Seventh Circuit has cautioned, "A federal plaintiff may not seek reversal of a state court decision by casting his complaint in the form of a constitutional violation." Garry, 82 F.3d 1362, 1369. That is exactly what Murray is attempting to do with his case before this Court. Though Plaintiff has couched his discontent with the State Court judgments in the form of civil rights violations, it is clear that he is attempting to have this court overturn the rulings of the Circuit Court of Cook County. As stated, this Court does not engage in such review of state court decisions. It is clear that Plaintiff's only alleged injury derives from his dissatisfaction with the outcome of the proceedings in the Circuit Court of Cook County, and he alleges no independent basis upon which

any of the defendants have caused him any type of injury. This is exactly the type of case where the Rooker-Feldman doctrine "dictates that the federal courts lack subject matter jurisdiction." Centres v. Town of Brookfield, 148 F.3d 699, 702 (7th Cir. 1998) (citing Garry, 82 F.3d at 1365-66)). Consequently, because this Court lacks subject matter jurisdiction over Murray's Complaint, all claims are dismissed against the County Defendants and the Private Citizen Defendants.

## III. Conclusion

For the foregoing reasons, the Private Citizen Defendants' and County Defendants' Motions to Dismiss are GRANTED in their entirety. All other motions are moot and terminated. This case is closed.

Enter:

David H. Coar
United States District Judge

Dated: **July 21, 2004**